J^PETERS, J.
In this appeal, we revisit the sentence imposed on the defendant, Christine W. Laird, for conviction of conspiracy to commit simple burglary of an inhabited dwelling, a violation of La.R.S. 14:26 and La. R.S. 14:62.2; simple burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2; and theft of property having a value over $500.00, a violation of La.R.S. 14:67. The trial court initially sentenced the defendant to serve one and one-half years at hard labor on the conspiracy charge, three years at hard labor on the burglary charge, and three years at hard labor on the theft charge. Additionally, the trial court ordered that one of the three years imposed for the burglary conviction be served without the benefit of parole, probation, or suspension of sentence; imposed a $1,000.00 fine on the theft charge; and ordered that the sentences run concurrently. The trial court then placed the defendant on supervised probation for a period of four years, suspending all but the one-year sentence required to be served without the benefit of parole, probation, or suspension of sentence.
The defendant initially appealed her convictions and sentences; this court affirmed her convictions in all respects, vacated the sentences imposed, and remanded the matter to the trial court for re-sentencing. State v. Laird, 01-0478 (La. App. 3 Cir. 11/21/01), 800 So.2d 427. In vacating the sentences, we stated:
After suspending the defendant’s sentences with the exception of the one- *1100 year mandatory incarceration penalty, the trial court placed the defendant on four years supervised probation. It is not clear whether the supervised probation period applied to all three or merely one or two of the suspended sentences. Thus, the defendant’s sentences are indeterminate and contrary to La.Code Crim.P. art. 879. While appearing insignificant at first glance, the manner in which the probation period affects each individual sentence becomes important in the event of a probation violation.
After determining which sentences are subject to supervised probation, the trial court must also determine whether the probation [2periods are to run consecutive or concurrent, and must determine at what point the probated sentences are to begin on each count. La. Code Crim.P. art. 883; State v. Bradley, 99-364 (La.App. 3 Cir. 11/3/99), 746 So.2d 263.
Id. at 434-35.
On remand, the trial court re-sentenced the defendant to the same sentences previously imposed, specifying that the four-year supervised probationary period applied to all three sentences, that it ran concurrently, and that it began to run on the date the defendant was released after having completed her mandatory one-year sentence. The trial court further stated that the supervised probation would include those mandatory and permissive conditions stated in La.Code Crim.P. art. 895(A). Additionally, the trial court imposed special conditions of probation requiring that, during the term of probation, she pay the imposed fine and court cost; pay $500.00 as restitution to the victim of the offenses; reimburse the Indigent Defender Board $750.00 for legal representation; refrain from contacting the victim or his family; and pay $50.00 per month as a probation supervision fee. The trial court ordered that the fine, court costs, restitution, and reimbursement amounts be paid pursuant to a repayment plan requiring a minimum payment of $50.00 per month.
After the defendant’s motion to reconsider her sentence was denied by the trial court, the defendant instituted this appeal. In her sole assignment of error, the defendant asserts that the trial court’s failure to suspend execution of the one-year mandatory minimum sentence had the effect of imposing an excessive sentence.
A conviction for conspiracy to commit simple burglary of an inhabited dwelling carries a maximum possible sentence of six years at hard labor with at least six months of the sentence to be served without benefit of probation, parole, or suspension of sentence. La.R.S. 14:26; La.R.S. 14:62.2. The maximum sentence for a conviction of simple burglary of an inhabited dwelling is twelve years at hard labor lawith at least one year of the sentence to be served without benefit of probation, parole, or suspension of sentence. La.R.S. 14:62.2. Theft of a thing having a value greater than $500.00 carries a maximum sentence of ten years with or without hard labor, and a fine of $3,000.00. Thus, the sentences imposed by the trial court are well within the statutory range.
At the original sentencing, the trial court stated that it considered the facts established by the trial on the merits and other hearings, correspondence from various community sources, the pre-sentencing investigation report, and the factors set forth in La.Code Crim.P. art. 894. After considering these sources, the trial court stated the following:
There were items taken out of the house, and, there was economic damage. Of even greater significance to this court is the emotional harm that was caused to the victims in this case because of the particular circumstances under which this occurred, it wasn’t your routine bur *1101 glary where someone’s home was violated by some criminal and things taken, it was more than that in that it involved relatives of each other, the victim and the defendants, relatives of each other, and, it occurred at a time when the victim’s family had suffered a death of a family member, when they were grieving, when their thoughts were focused on that, and, their emotions were raw already to begin with, and, then they had to deal with, on top of all of that, the fact that their home was broken into and burglarized. That puts it a notch above any other burglary that I see and that I deal with. There are no grounds which would tend to excuse or justify the actions of these defendants, and, there certainly was no provocation by the victims. Ms. Laird, as I said, is forty-four years of age. She is in poor health, and, we heard some about that today, about her strokes, and, I had already been made aware of that previously by others. She has two children. She has no prior history at all of drug or alcohol abuse, and, her only prior conviction, according to the PSI, was in 1984 for a misdemeanor grade offense of possession of marijuana. She has been married to her husband, Mr. Wilkes Laird, since 1980. She maintains her innocence and thus, obviously, no remorse for this offense.
In re-sentencing, the trial court adopted the reasons stated at the initial sentencing proceeding.
14The defendant argues on appeal that the minimum mandatory one-year sentence without benefit of probation, parole, or suspension of sentence required of La.R.S. 14:62.2 is unconstitutional as applied in the present case. The defendant did not raise this claim at sentencing or at the motion to reconsider her sentence. Because it was not raised at the trial court level, the criteria set forth in State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, were not satisfied. In Johnson, the supreme court stated that “[a] court may only depart from the minimqm sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut this presumption of constitutionality.” Id. at 676.
[T]o rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:
[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
Id. (quoting State v. Young, 94-1636, pp. 5-6 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 528, writ denied, 95-3010 (La.3/22/96), 669 So.2d 1223).
The proof required of the defendant is not present in this case. Thus, we find that this assignment of error has no merit.
DISPOSITION
For the foregoing reasons, we affirm the defendant’s sentence in all respects.
AFFIRMED.